UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Stan Davis,
   Plaintiff

vs

INEOS ABS [U.S.A.]
CORPORATION,
   Defendant

Case No. C-1-09-773
(Hogan, M.J.)

**ORDER**

  This matter is before the Court on Defendant's Motion to Dismiss (Doc. 5), Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (Doc. 8), and Defendant's Reply thereto (Doc. 9).

  On September 24, 2009, Plaintiff filed a Complaint in Hamilton County Court of Common Pleas. (Doc. 3, Complaint). Plaintiff's Complaint asserts four claims arising out of his April 1, 2008 discharge for allegedly using Defendant's email system to send pornographic e-mails: (1) public policy tort action for wrongful discharge based on age discrimination, (2) age discrimination, (3) breach of implied contract, and (4) intentional infliction of emotional distress. (Id. ¶¶ 27-47). On October 23, 2009, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1446 alleging diversity jurisdiction under 28 U.S.C. §1332. (Doc. 1, Notice of Removal). Thereafter, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing that: (1) Plaintiff's public policy tort claim based on age discrimination is not available under Ohio law; (2) Plaintiff's statutory age discrimination claim is untimely; (3) as an at-will employee, no cause of action exists for breach of implied contract; and (4) a discriminatory discharge is not sufficient to support a claim for intentional infliction of emotional distress. (Doc. 5).

**OPINION**

  The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). To that end, for purposes of a motion to dismiss under the Rule, the complaint must be construed in a light most favorable to the nonmoving party and its allegations taken as true. *See Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Miller v. Curris*, 50 F.3d 373, 377 (6th Cir. 1995). "Because a motion to dismiss is directed solely to the complaint itself, the Court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail." *Wakefield v. Childrens' Hospital*, 2008 WL 3833798 (S.D. Ohio Aug. 13, 2008) (citing *Scheuer*, 416 U.S. at 236). Fed. R. Civ. P. 8(a)(2) requires that a Complaint contain "a short and plain statement of the claim showing that

the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Hensley Mfg., Inc. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient to both "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 555, 570; *Ashcroft v. Iqbal* __ U.S. __, 129 S. Ct.1937, 1949-50 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Iqbal*, 129 S. Ct. at 1949). Although the court must accept all well-pleaded factual allegations in the complaint as true, it need not "'accept as true a legal conclusion couched as a factual allegation.'" *Id.* (citing *Twombly*, 550 U.S. at 555) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Iqbal*, 129 S. Ct. at 1949).

Defendant contends that Plaintiff's claim for wrongful termination based upon age in violation of Ohio public policy fails as a matter of law because Ohio law does not recognize such a cause of action. In *Leininger v. Pioneer Nat'l Latex*, the Ohio Supreme Court held that a "common-law tort claim for wrongful discharge based on Ohio's public policy against age discrimination does not exist, because the remedies in R.C. Chapter 4112 provide complete relief for a statutory claim of age discrimination" 875 N.E.2d 36, 41, 44 n.4 (Ohio 2007) ("In determining whether a common-law tort claim for wrongful discharge based on Ohio's public policy against age discrimination should be recognized, courts need to look at all the remedies available to a plaintiff at the time the claim accrued"); *see also Schulte v. Ford Motor Company*, No. C-1-080758, 2009 WL 1935926 at *3 (S.D.Ohio June 25, 2009); *Compton v. Swan Super Cleaners, Inc.*, No. 08-CV-002, 2008 WL 1924251 at * 4 (S.D.Ohio Apr. 29, 2008); *Wakefield v. Children's Hospital*, No. C2-06-1034, 2008 WL 3833798 at *8 (S.D.Ohio Aug. 13, 2008); *Ferguson v. Quebecor World Johnson*, No. 1:06-CV-621, 2008 WL 495612 * 4 n.4 (S.D.Ohio Feb. 21, 2008). In opposing Defendant's motion, Plaintiff merely cites this Court to pre-*Leininger* authority. Therefore, Plaintiff has failed to rebut Defendant's argument on this issue and we hereby grant Defendant's Motion to Dismiss with respect to Plaintiff's First Claim for Relief.

Additionally, Defendant argues that Plaintiff cannot maintain an action for implied breach of contract in light of his status as an employee at will. Neither party disputes that Plaintiff was an employee at will. Defendant however, argues that the Ohio Supreme Court has held that plaintiffs may not bring implied contract claims when their employment is terminable at will. *Wing v. Anchor Media, Ltd.*, 570 N.E.2d 1095, 1098 (Ohio 1992). Defendant misreads *Wing*. As Plaintiff points out, the issue in *Wing* was whether or not an individual was considered an at-will employee. The court in *Wing* found that "the disclaimer contained in both the confirmation of employment and the handbook, irrespective of the terms of the handbook, bars the finding of a contract of employment other than an at-will relationship." 570 N.E.2d at 1098. While Plaintiff appropriately distinguishes Defendant's cited authority on its facts, neither party cites the Court to any case-law directly, or even indirectly, on point.

True to its name, an employment-at-will relationship is generally terminable at the will of either the employer or employee. *Wright v. Honda*, 653 N.E.2d 381, 384 (Ohio 1995). However, the Ohio Supreme Court in *Mers v. Dispatch Printing Co.*, set forth two exceptions to this rule: "(1) the existence of implied or express contractual provisions which alter the terms of discharge; and (2) the existence of promissory estoppel where representations or promises have been made to an employee." 483 N.E.2d 150, 154-55 (Ohio 1985).

The court in *Root v. PCC Airfoils, Inc.,* reiterating its previous statements concerning the principles applicable to an implied contract claim in the employment arena, stated that,

> Consistent with the presumption of at-will employment, it is recognized that the party asserting an implied contract of employment has a heavy burden. He must prove the existence of each element necessary to the formation of a contract. Therefore, plaintiff must show a "meeting of the minds" of the parties that the employment was other than at-will. Therefore, the party relying on an implied contract must demonstrate the existence of each element necessary to the formation of a contract including, *inter alia,* the exchange of bilateral promises, consideration and mutual assent. "Promises alleged must unambiguously and specifically promise job security." Moreover, "[t]he terms of the agreement or the circumstances must manifest the parties' mutual intent to bind each other to overcome [the] presumption" against implied contracts of employment.

*Root v. PCC Airfoils, Inc.,* 1998 WL 686117 at *7 (Ohio Ct. App. Oct. 1, 1998)(citations omitted). In Ohio, employee handbooks can constitute evidence of an implied employment contract. *Howell v. The Whitehurst Co.*, No. L-05-1154, 2005 WL 3078196 at *6 (Ohio Ct. App. Nov. 18, 2005) (citing *Mers*, 483 N.E.2d 150); *see also Hedrick v. Center for Comprehensive Alcoholism Treatment*, 454 N.E.2d 1343 (Ohio Ct. App. 1982); *Helle v. Landmark, Inc.* 472 N.E.2d 765 (Ohio Ct. App. 1984). While employee handbooks will not generally alter the employment-at-will relationship, "a handbook may be found to alter the terms of employment at will only if the employee and employer have agreed to create a contract from the writing." *Root,* 1998 WL 686117 at *7. Of particular import is the Ohio Supreme Court's holding that "absent fraud in the inducement, a disclaimer in an employee handbook stating that employment is at will precludes an employment contract other than at will based upon the terms of the employee handbook. *Wing*, 570 N.E.2d at 1098.

Upon a motion to dismiss, it is the Court's duty to focus on "whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail." *Wakefield*, 2008 WL 3833798 at *3. In light of the authority set forth above, we do not hold that it is implausible that Plaintiff can offer evidence supporting his claim that the terms of the employee handbook with respect to the progressive discipline policy created an implied employment contract altering Plaintiff's status as an at-will employee. Because we do not have the Employee Handbook before us, we simply cannot say. For this reason, Defendant's Motion to Dismiss is denied with respect to Plaintiff's Third Claim for Relief.

3

Defendant also argues that Plaintiff has failed to allege sufficient facts to support his claim for intentional infliction of emotional distress. Under Ohio law, a plaintiff may bring an independent tort action for intentional infliction of emotional distress where defendant engaged in "extreme and outrageous conduct" and caused plaintiff serious emotional distress. *Yeager v. Local Union 20, Teamsters*, 453 N.E.2d 666 (Ohio 1983); *see also Russ v. TRW, Inc.*, 570 N.E.2d 1076, 1082 (Ohio 1991). The Ohio Supreme Court, quoting and adopting the Restatement (Second) of Torts' definition of extreme and outrageous conduct, stated:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice" or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and leave him to exclaim, "Outrageous!"

*Yeager*, 453 N.E.2d at 671 (quoting Restatement (Second) of Torts § 46, comment d (1965)). Conduct that amounts to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" is insufficient. *Id.* at 672. "[I]t is for the Court in the first instance to determine whether 'defendant's conduct may be regarded as so extreme and outrageous as to permit recovery'" *Crawford v. ITT Consumer Financial Corp.*, 653 F. Supp. 1184, 1192 (S.D. Ohio 1986) (Spiegel, J.) (quoting Restatement (Second) of Torts § 46, comment h). In employment actions, the courts stringently apply these standards. *Id.*

In *Crawford*, the court found that the following facts, presented on summary judgment, failed to rise to the level of extreme and outrageous conduct: "the alleged pattern of pressure and harassment of [Crawford]; the intentional downgrading of [Crawford's] performance appraisal; the threats of demotion and/or termination, all of which conduct may be assumed to have resulted in causing [Crawford] to suffer serious embarrassment and humiliation, as well as psychological and physical problems, do not, as a matter of law, state a viable claim for [intentional infliction of emotional distress.]" *Crawford*, 653 F. Supp. at 1192.

With respect to his claim for emotional distress, Plaintiff alleges:

> 22. Plaintiff's reputation has suffered by his termination, specifically the false reasoning given for his termination. Plaintiff has played Santa in his neighborhood for years but since his termination, the neighbors have declined to allow their children around him.
> ....

4

> 25. Plaintiff has been experiencing chest pain and has undergone a stress test.
>
> ....
>
> 44. The action of Defendant firing Plaintiff for unsubstantiated first time offenses, Defendant's blatant disregarding of their own policy manual and jeopardizing Plaintiff's retirement and ability to make a living has caused Plaintiff extreme emotional distress. Furthermore, the embarrassment for himself and his family regarding the reason given for his termination has added to this condition.

(Doc. 3, Complaint at ¶¶ 22, 25, 44). While Plaintiff alleges serious effects resulting from Defendant's alleged conduct, we do not find that the alleged conduct itself is "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." For this reason, Defendant's Motion to Dismiss with respect to Plaintiff's Fourth Claim for Relief is granted.

Lastly, Plaintiff seeks to pursue a statutory claim for age discrimination under Ohio law. There are four statutes under the Ohio Revised Code providing remedies for age-based employment discrimination: 1) § 4112.02 is a general anti-discrimination statute providing for "any legal or equitable relief that will effectuate the individual's rights," including actions for age discrimination; 2) § 4112.05 allows for administrative enforcement of the rights created by §4112.02 through the filing of a charge with the Ohio Civil Rights Commission; 3) § 4112.14 (formerly §4101.17) exclusively addresses age discrimination with respect to any job opening or discharge and allows an individual to file a civil action; and 4) § 4112.99 is a general anti-discrimination statute making those who violate § 4112 "subject to a civil action for damages, injunctive relief, or any other appropriate relief." O.R.C. §§4112.02 (A), (N); 4112.05(G); 4112.14; 4112.99; *see Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 513-14 (6th Cir. 2001); *Leininger*, 875 F.2d at 317. Plaintiff's Complaint fails to designate the statutory authority for his claim of age discrimination under Ohio law. (Doc. 3). However, Plaintiff has since acknowledged that he is proceeding under O.R.C.§ 4112.14. (Doc. 9). Defendant contends that Plaintiff's claim under § 4112.14 is untimely as Plaintiff failed to file his claim within the 180-day statute of limitations period. In response to Defendant's motion, Plaintiff merely states that his claim was timely filed. (Doc. 8 at p.5, 6). Presumably Plaintiff is arguing that his claim is subject to statute of limitations period which is longer than 180 days.

As the court in *Compton v. Swan Super Cleaners, Inc.,* noted, "[t]here is no uniform statute of limitations for age discrimination claims under Ohio law." 2008 WL 1924251 at *3. While § 4112.02(N) includes a specific statute of limitations period, § 4112.14 does not. *Ziegler*, 249 F.3d at 514. The issue regarding the statute of limitations period for claims brought pursuant to § 4112.14, while seemingly clear at first blush, is muddied by the "complicated history" of Ohio's statutory scheme prohibiting age discrimination. *Ziegler*, 249 F.3d at 513. It appears that § 4101.17's recodification as § 4112.14 in 1995 is at the heart of this confusion. Unfortunately,

5

the Ohio Supreme Court has not spoken directly to the issue. Prior to § 4101.17's recodification as § 4112.14, the Ohio Supreme Court held that, because the Ohio General Assembly had not included an express limitations period within § 4101.17, it intended the six-year period delineated by §2305.07 to apply to such claims. *Morris v. Kaiser Engineers, Inc.*, 471 N.E.2d 471, 474-75 (Ohio 1984). Tens years later, when tasked with determining the applicable statute of limitations period for an age discrimination claim brought pursuant to § 4112.99, which contained no express limitations period, the Ohio Supreme Court held that "any discrimination claim, premised on a violation described in O.R.C. § 4112, must comply with the one-hundred-eighty day statute of limitations period set forth in former O.R.C. § 4112.02(N)." *Bellian v. Bicron Corp.*, 634 N.E.2d 608, 610 (Ohio 1994). This holding was made simple by the fact that, at the time, the only specific statute under § 4112, upon which an age discrimination claim pursuant to the general provisions of § 4112.99 could be based, was §4112.02. The court held that, because there was "no clear manifestation of legislative intent that the general provision (§ 4112.99) prevail over the specific provision (§ 4112.02(N))," the specific provision prevailed. *Bellian*, at 610.

Unfortunately for Defendant, this seemingly straightforward holding was complicated by the Ohio General Assembly's recodification of §4101.17 as §4112.14 in 1995. Now, as the Sixth Circuit pointed out in *Ziegler*, rather than dealing with only one specific statute and one general statute, there are two specific statutes upon which a claim under §4112.99 can be based. *Ziegler*, 249 F.3d at 517. Further complicating matters, effective January 27, 1997, the Ohio legislature passed tort reform legislation that amended § 4112.14 to specifically include a two-year statute of limitations period. The tort reform act, however, was held to be unconstitutional *in toto* on August 16, 1999, by the Ohio Supreme Court. *See State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 715 N.E.2d 1062, 1111 (Ohio 1999). For this reason, the Sixth Circuit in *Ziegler*, recognized that the statute of limitations period for § 4112.14 was invalidated and held that the limitations period applicable to § 4112.14 claims was the period which was effective immediately prior to the invalid legislation. *Ziegler*, 249 F.3d at 515.

We find the Sixth Circuit's analysis on the issue of whether the limitations period applicable to § 4112.14 prior to the enactment of the tort reform act was six years under *Morris* or 180 days under *Bellian*, to be particularly well reasoned. *Ziegler*, 249 F.3d at 515-18 (6th Cir. 2001). As noted in *Ziegler*, "in diversity cases, federal courts must 'apply state law in accordance with the then controlling decision of the highest state court.'" *Ziegler*, 249 F.3d at 517 (quoting *United States v. Anderson County, Tennessee*, 761 F.2d 1169, 1173 (6th Cir. 1985); *see Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). If the state's highest court has not addressed the issue, federal courts must "ascertain from all available data, including the decisional law of the state's lower courts, what the state's highest court would decide if faced with the issue." *Ziegler*, 249 F.3d at 518 (citing *Bailey v. V&O Press Co.*, 770 F.2d 601, 604 (6th Cir. 1985)). The court in *Ziegler* found that *Bellian* was not controlling and "does not fairly predict how the Ohio Supreme Court will determine the issue" because courts after 1995 are now faced with two specific statutes (§§ 4112.02 and 4112.14) and one general statute (§ 4112.99) upon which civil age

6

discrimination claims may be brought, rather than one specific statute. *Id.* at 518. Moreover, while "theoretically" calling into doubt the court's decision in *Morris*, *Bellian* did not expressly overturn *Morris*. *Id.* at 514. The court went on to find that one Ohio appellate court decision existed, in addition to two unpublished decisions, holding that *Morris* still controlled and that the applicable limitations period for claims brought under § 4112.14 is six years. *Ahern v. Ameritech Corp.*, 739 N.E.2d 1184, 1202 (Ohio Ct. App. May 22, 2000) (citing *Leonardi v. Lawrence Indus., Inc.*, No. 72313, 1997 WL 547825 at *3 *(Ohio Ct. App. Sept. 4, 1997)); *see also Lehmann v. AAA Cincinnati*, NO. C-980163, 1999 WL 162151, at *1 (Ohio Ct. App. Mar. 26, 1999).

Defendant argues that the Ohio Supreme Court in *Meyer v. United Parcel Service, Inc.*, while not specifically addressing the statute of limitations issue, reaffirmed *Bellian* holding that "all age discrimination employment related claims must be governed by the specific statutory directives in R.C. Chapter 4112." *Meyer*, 909 N.E.2d 106, 114 (Ohio 2009). Defendant's reliance upon *Meyer*, however, is misplaced. In *Meyer*, the court specifically declined to address the argument that "*all* age discrimination claims filed under R.C. 4112.99 should be governed by the 180-day statute of limitations of R.C. 4112.02(N)." 909 N.E.2d at 118 (emphasis in original). The court did so because it determined that Meyer's age-discrimination claim under § 4112.99 was barred by § 4112.14(C), and thus, "there [was] no need to consider whether the claim, or some aspects of the claim, might also be barred by statute of limitation or limitation of remedies concerns." *Id.* Instead, the court's ruling focused on the source of remedies for age discrimination claims under §4112.99, explaining that the source of such is the substantive provisions of § 4112.02 and § 4112.14. The court left for another day, the question as to whether a plaintiff filing a claim outside the 180-day limitations period of § 4112.02 is time-barred from filing said claim under § 4112.14. For this reason, we find that the court's decision in *Morris* is unaffected by the court's subsequent ruling in *Meyers*. We, therefore, find that the applicable statute of limitations period for Plaintiff's claim under O.R.C. § 4112.14 is six years and Plaintiff's claim is timely. Accordingly, Defendant's Motion to Dismiss with respect to Plaintiff's Second Claim for Relief is denied.

### IT IS THEREFORE ORDERED THAT

1) Defendant's Motion to Dismiss (Doc. 8) is GRANTED in part and DENIED in part;

2) Plaintiff's First and Fourth Claims for Relief are hereby DISMISSED.

Date: 9/30/10

Timothy S. Hogan
United States Magistrate Judge

J:\LES\DISCRIM\Davis.mtd.wpd